IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CITIZENS PROJECT, COLORADO
LATINOS VOTE, LEAGUE OF WOMEN
VOTERS OF THE PIKES PEAK REGION,
BLACK/LATINO LEADERSHIP
COALITION,

        *Plaintiffs*,

v.

CITY OF COLORADO SPRINGS, and
SARAH BALL JOHNSON, in her official
capacity as City Clerk,

        *Defendants*.

No. 1:22-cv-1365-CNS-MDB

### STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION AND DOCUMENTS

The parties acknowledge that in the course of discovery or otherwise as necessary to litigate this case, they will be required to provide each other with sensitive, private, personal, or confidential information. The parties have agreed that such information shall not be disclosed or used except as appropriate and relevant in connection with this litigation.

For good cause shown, the Court hereby enters the following ORDER, pursuant to Fed. R. Civ. P. 26(c), governing confidential information and documents:

1. As used in the Protective Order, these terms have the following meanings:

    (a) "Attorneys" means counsel of record;

    (b) "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    (c) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. Except to the extent such information is a public record under relevant law, the following information is designated as "Confidential":

    (a) The home address, telephone number, or email address provided by an individual;

    (b) The Social Security number of any individual;

    (c) The digitized signature of any individual;

    (d) Internal financial documents; and

    (e) Any other document or information, including interrogatory response, other discovery response, and/or transcript, that is private or confidential pursuant to federal law, including the Voting Rights Act, 52 U.S.C. §§ 10301 to 10508, the Federal Rules of Evidence, or any other state or federal law, that a party in good faith designates as "Confidential Information."

The information identified in paragraphs (a)-(d) is automatically deemed to be "Confidential" without further designation or action by any party or non-party.

3. A party may designate information or documents described in paragraph 2(e) as "Confidential," by stamping or otherwise clearly marking the material prior to production as "CONFIDENTIAL." Where such material is not reduced to documentary, tangible, or physical form, or where it cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material.

4. "Confidential" information or documents requested by a party, or otherwise produced in this litigation by a party or non-party, whether said information is solicited from documents or by the direct testimony of any person, shall be used solely for the purposes of the captioned lawsuit, including trial preparation, and no person receiving such documents shall, without prior written consent of the individual or entity producing the information, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 5.

5. Access to any confidential document shall be limited to

    (a) The Court and its personnel;

    (b) The attorneys of record, and individuals working on behalf of their attorneys, such as office associates, legal assistants, and clerical employees;

    (c) Outside independent persons who are used by a party or its attorneys to furnish technical, consulting, or expert services or to give testimony in this action.

    (d) The parties and individuals working on their behalf;

    (e) Persons shown on the face of the document to have authored or received it;

    (f) Court reporters, videographers, or other professionals responsible for recording or transcribing testimony in this action;

6. Third parties producing documents in the course of this action may also designate information or documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

7. Before counsel for a party receiving "Confidential" information or documents may disclose any such material to a person pursuant to Paragraph 5(c), counsel shall provide a copy of this Protective Order to such person, who shall sign the "Written Assurance" in the form attached as Exhibit A.

8. In the case of deposition testimony, a party seeking to invoke the protection of this Protective Order shall give prompt notice thereof, at the deposition or within ten (10) days after receipt of the final deposition transcript, in accordance with the provisions and restrictions of this Protective Order. Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated "Confidential" until the expiration of such ten (10) day period.

9. A party, upon providing "Confidential" information or documents pursuant to this Protective Order, does not waive any objection to the admissibility of said information or documents, or any portion thereof, at trial on the grounds of relevance, privilege, prejudice, or competency.

10. The parties agree that they shall designate as Confidential only such documents, electronically stored information ("ESI"), and other things that truly contain private and sensitive information relating to a party or to non-parties. The parties agree that if and when disputes arise to the applicability of this Order to any information produced by a party, such disputes shall be resolved, if possible, by agreement of the parties of this action.

11. The inadvertent or unintentional disclosure of "Confidential" information or documents shall not be construed to be a waiver, in whole or in part, of any party's claims of confidentiality, either as to the specific confidential information or as to related information and documents. Any party who inadvertently fails to identify documents as "Confidential" shall have ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

12. If a party intends to file documents, ESI, and other things containing Confidential, this Protective Order grants leave to make such filing under seal in compliance with the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further

protections against public disclosure from the Court. For filings with the Court, the parties will comply fully with Federal Rule of Civil Procedure 5.2 and the applicable local rules.

13. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

14. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

15. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. Within 90 days of the termination of this action, including any settlement, trial, or appeal, each party shall either destroy or return to the opposing party all documents designated

by the opposing party as "Confidential" and/or "Highly Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents, unless otherwise agreed by the parties or ordered by the Court. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 90-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential."

      18. This Protective Order shall govern all pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the parties, or upon application and showing of good cause by any of the parties. Any confidential record that is admitted into evidence shall not lose its confidential designation under this agreement unless expressly ordered by the Court.

      19. The obligations imposed by the Protective Order shall survive the termination of this action.

      IT IS SO ORDERED that the Parties' Joint Motion for Protective Order is granted.

_____

Dated this __13th__ day of December, 2022.

**EXHIBIT A**
**WRITTEN ASSURANCE**

I, _____, declare that:

l. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. My present relationship to plaintiff(s)/defendant(s) is _____.

4. I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any "Confidential" and/or "Highly Confidential" information or documents received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as "Confidential" or "Highly Confidential" in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will destroy or return to counsel all confidential documents and things that come into my possession.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____day of _____, 20\_\_\_, in the State of _____.

_____
Signature